IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTIAN THOMAS NEALSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:23-cv-00071 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| T. BLANKENSHIP, et al., | ) | Chief United States District Judge |
|     Defendants. | ) | |

## ORDER

Plaintiff Christian Thomas Nealson, a Virginia inmate proceeding pro se, filed this action against multiple correctional officers at Keen Mountain Correctional Center. Nealson alleges, among other claims, that he was improperly charged with disciplinary offenses in October and November 2022, in retaliation for exercising his rights under the First Amendment, and that he was denied due process in connection with the disciplinary proceedings. The case is presently before the court on Nealson's motion for preliminary injunction, ECF No. 7. For the following reasons, the motion will be denied.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (quoting Devose v. Herrington,

42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, 111 F.3d at 16. "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." Pac. Radiation Oncology, 810 F.3d at 636; see also Devose, 42 F.3d at 471 (affirming the denial of a motion for preliminary injunction that was based on new assertions of retaliation that were "entirely different from the claim raised and the relief requested in [the inmate's] inadequate medical treatment lawsuit").

Applying these standards, the court concludes that Nealson's motion for preliminary injunction must be denied. The motion does not address any of the requirements set forth in Winter. Nor does it seek to prevent harm caused by the conduct asserted in the underlying complaint. Instead, the motion is based on an incident that allegedly occurred after the instant action was filed. In particular, Nealson alleges that he was found unresponsive in his cell on February 23, 2023, and that he personally believes that he may have been intentionally drugged. These new allegations, while undoubtedly troubling, are not clearly related to the conduct described in the complaint. Thus, "they cannot provide the basis for a preliminary injunction in this lawsuit."* Devose, 42 F.3d at 471.

---

* If Nealson believes that his constitutional rights were violated in connection with the incident that occurred in February 2023, he may file a separate complaint under § 1983 after exhausting his administrative remedies.

For these reasons, it is hereby **ORDERED** that Nealson's motion for preliminary injunction, ECF No. 7, is **DENIED**. The Clerk is directed to send a copy of this order to the plaintiff.

It is so **ORDERED**.

Entered: April 4, 2023

Digitally signed by Michael F. Urbanski
Chief U.S. District Judge
Date: 2023.04.04 11:36:35 -04'00'

Michael F. Urbanski
Chief United States District Judge