CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 05, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHRISTIAN THOMAS NEALSON,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00071 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **T. BLANKENSHIP,** et al., ) | Chief United States District Judge |
| Defendants. ) | |

## ORDER

Christian Thomas Nealson, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against two correctional officers at Keen Mountain Correctional Center ("Keen Mountain"). Nealson claims that the defendants retaliated against him for exercising his constitutional rights and that they subjected him to cruel and unusual punishment in violation of the Eighth Amendment. The case is presently before the court on Nealson's motion for a preliminary injunction, ECF No. 46, in which he seeks to restrain prison mail staff from opening his legal mail. For the following reasons, the motion is denied.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in

a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, 111 F.3d at 16.

Applying these standards, the court concludes that Nealson's motion for a preliminary injunction must be denied. The motion does not address any of the requirements set forth in Winter, much less make a "clear showing" as to each requirement. Winter, 555 U.S. at 22; see also Pashby v. Delia, 709 F.3d 307, 320–21 (4th Cir. 2013) (emphasizing that each Winter factor must be satisfied). Nor does the motion seek to prevent harm caused by the conduct asserted in the underlying complaint. Instead, the motion seeks relief for violations of prison mail procedures that allegedly occurred after the instant action was filed. Because these new allegations are not related to the conduct described in the complaint, "they cannot provide the basis for a preliminary injunction in this lawsuit." Devose, 42 F.3d at 471.

For these reasons, it is hereby **ORDERED** that Nealson's motion for a preliminary injunction, ECF No. 46, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: March 5, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.03.05 15:20:32
-05'00'

Michael F. Urbanski
Chief United States District Judge

2