CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 05, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTIAN THOMAS NEALSON,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00071 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **T. BLANKENSHIP, et al.,** ) | Chief United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Christian Thomas Nealson, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against two correctional officers at Keen Mountain Correctional Center ("Keen Mountain"). Defendant T. Blankenship has moved for summary judgment on the ground that Nealson failed to exhaust his administrative remedies before filing suit, as required by the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, the motion for summary judgment, ECF No. 26, is **DENIED**.

### Background

This action arises from events that allegedly occurred at Keen Mountain on October 8, 2022. According to the verified amended complaint, the defendants physically abused Nealson, forced him into a shower to be strip searched, and placed him in solitary confinement after he refused to answer their questions. Am. Compl. Attach., ECF No. 18-1, at 1. Based on these allegations, Nealson claims that the defendants retaliated against him for exercising his rights under the First and Fifth Amendments, and that they subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Id. at 1–2.

Blankenship has moved for summary judgment on the basis that Nealson failed to exhaust his administrative remedies with respect to any of the claims asserted in the amended complaint. Nealson has filed a response in opposition to the motion for summary judgment, ECF No. 32, and the motion is ripe for disposition.

### Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, the court "must construe all facts and reasonable inferences in the light most favorable to the nonmoving party." Shaw v. Foreman, 59 F.4th 121, 129 (4th Cir. 2023). The court "cannot weigh the evidence or make credibility determinations." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 569 (4th Cir. 2015).

### Discussion

The PLRA provides that "[n]o action shall be brought" in federal court by an inmate challenging prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," Porter v. Nussle, 534 U.S. 516, 532 (2002), and that "proper exhaustion" is required, which includes "compliance with an agency's deadlines and other critical procedure rules," Woodford v. Ngo, 548 U.S. 81, 90 (2006).

Although the PLRA's exhaustion requirement is "strict," it "does not operate as an absolute bar to prison litigation in federal court." Griffin v. Bryant, 56 F.4th 328, 335 (4th Cir. 2022). Instead, "it sets forth a built-in exception, specifying that a prisoner need not exhaust

remedies if they are not available." Id. (internal quotation marks omitted) (citing Ross v. Blake, 578 U.S. 632, 635–36 (2016)). In other words, if "an administrative remedy, although officially on the books, is not capable of use to obtain relief," the exhaustion requirement "does not come into play." Ross, 578 U.S. at 643. The Supreme Court has identified three circumstances that satisfy this standard: (1) where the administrative remedy "operates as a simple dead end," with prison officials "unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque" that it is "practically . . . incapable of use" because "no ordinary prisoner can discern or navigate it"; and (3) where "prison administrators thwart inmates from taking advantage of a grievance procedure through machination, misrepresentation, or intimidation." Id. at 643–44; see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.").

### A. The Applicable Grievance Process

Virginia Department of Corrections ("VDOC") Operating Procedure ("OP") 866.1, titled "Offender Grievance Procedure," is the mechanism used to resolve most complaints and grievances from inmates incarcerated in VDOC facilities. Grievable issues include matters relating to conditions of care, retaliation, and other actions of staff that affect an inmate personally. OP 866.1(III)(B)(1), eff. January 1, 2021, Harr Aff. Encl. A, ECF No. 27-1.

Pursuant to OP 866.1, inmates must first attempt to resolve an issue informally before filing a regular grievance. If a verbal complaint is not resolved to the satisfaction of an inmate, the inmate may submit a written complaint. OP 866.1(I)(D). The written complaint "must be received by designated staff within 15 days of the original incident or discovery of the

3

incident," and the designated staff member then has 15 days to provide a response. Id. If an inmate does not receive a timely response to a written complaint or if the inmate is dissatisfied with the response, the inmate may file a regular grievance. Id. The inmate "must deliver the original [regular grievance] with attached document(s) to the Grievance Mailbox within 30 days from the original incident or discovery of the incident . . . ." OP 866.1(III)(B)(5). The documents that must be filed with the regular grievance include the written complaint. OP 866.1(III)(B)(6).

If a regular grievance satisfies the intake criteria, "staff must accept the grievance and log it into VACORIS using the received date." OP 866.1(III)(C). When a regular grievance is accepted and logged into VACORIS, the "Facility Unit Head" is responsible for providing a Level I response within 30 calendar days. OP 866.1(III)(F). If an inmate is dissatisfied with the response, the inmate may appeal to Level II, where the appeal is reviewed by the Regional Administrator or another designated official. OP 866.1(IV)(C). OP 866.1 explains that an inmate satisfies the requirements for exhausting administrative remedies only when a regular grievance "has been accepted into the grievance process and appealed, without satisfactory resolution of the issue." OP 866.1(V)(B).

### B. Nealson's Exhaustion Efforts

In support of the pending motion for summary judgment, Blankenship submitted an affidavit executed by H. Harr, the institutional grievance coordinator at Keen Mountain. See Harr Aff., ECF No. 27-1, at 1–6.* According to the affidavit, "Nealson's grievance file contains no documentation that he submitted a written complaint/informal complaint,

---

\* The record reflects that the grievance coordinator's last name used to be Viars. See Pl.'s Resp. M. Summ. J. Ex. 1, ECF No. 32-1, at 1. The court will use the current last name throughout this opinion.

followed by a regular grievance accepted at intake and appealed through the highest level of appeal regarding [the] claims" asserted in the amended complaint. Harr Aff. ¶ 18. Consequently, Blankenship argues that Nealson's claims are barred by the PLRA for failure to exhaust administrative remedies.

In response, Nealson argues that the motion for summary judgment should be denied because Harr hindered his ability to exhaust his administrative remedies. This argument is supported by sworn allegations in Nealson's original and amended complaints. See Goodman v. Diggs, 986 F.3d 493, 499 (4th Cir. 2021) (concluding that the plaintiff's "original and first amended complaints, which were verified and based on [the plaintiff's] personal knowledge," were "the equivalent of opposing affidavits" on summary judgment). In his original complaint, Nealson alleged, under penalty of perjury, that he submitted informal complaints on October 13, 2022; October 20, 2022; and October 21, 2022; and that he submitted a grievance on November 6, 2022. Compl., ECF No. 1, at 4. He alleged that "[t]he grievance coordinator refused to process the informal complaints [and] grievance," or provided "no response at all," and that he was "denied process altogether." Id.; see also id. at 9 ("Grievance Coordinator H. [Harr] refused to process my complaints and grievances denying the grievance process hindering my right to grieve the issue . . . ."). Nealson further alleged that that he wrote a four-page letter to the assistant warden complaining of being denied access to the grievance process; that he spoke with the assistant warden about the problem again on December 7, 2022, when the assistant warden walked through the A3 pod at approximately 2:15 p.m.; and that the assistant warden said that he would speak to the grievance coordinator about the issue. Id. at 8–9. Similarly, in response to an exhaustion question on his form amended complaint, Nealson

5

asserted that he was "hindered" in his ability to exhaust his administrative remedies as a result the alleged refusal "to process the complaints." Am. Compl., ECF No. 18, at 2.

Viewing the record in the light most favorable to Nealson, the court concludes that a genuine dispute of material fact exists as to whether the VDOC's grievance process was actually "available" to Nealson during the time period at issue. 42 U.S.C. § 1997e(a). As previously noted, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore, 517 F.3d at 725. "Thus, 'when prison officials prevent inmates from using the administrative process . . . , the process that exists on paper becomes unavailable in reality.'" Hill v. O'Brien, 387 F. App'x 396, 400 (4th Cir. 2010) (quoting Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)). Here, Nealson has repeatedly asserted that the grievance coordinator thwarted his ability to properly exhaust his administrative remedies by refusing to process or respond to written complaints and a grievance that he submitted within the timeframe required by the grievance policy. Although Blankenship submitted an affidavit from the grievance coordinator, the affidavit does not specifically address Nealson's allegations that the grievance coordinator prevented him from complying with the grievance procedure. Based on the current record, Blankenship is not entitled to summary judgment on the issue of exhaustion. See, e.g., Edwards v. Melendez, 832 F. App'x 50, 53 (2d Cir. 2020) ("Edwards has repeatedly asserted (including in his sworn amended complaint) that the defendants refused to process his timely grievances despite following the grievance procedure—a contention that the defendants did not address—indicating that administrative remedies were not available to him. The district court thus correctly held that the defendants were not entitled to summary judgment . . . due to lack of exhaustion.")

## Conclusion

For the reasons stated, Blankenship's motion for summary judgment, ECF No. 26, is **DENIED**. Blankenship shall have 30 days to file any motion for summary judgment addressing the merits of Nealson's claims. An appropriate order will be entered.

Entered: March 5, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.03.05 15:35:57
-05'00'

Michael F. Urbanski
Chief United States District Judge