CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 07, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CHRISTIAN THOMAS NEALSON,  ) | |
|     Plaintiff,  ) | Civil Action No. 7:23-cv-00071 |
| )  | |
| v.  ) | |
| )  | By: Michael F. Urbanski |
| T. BLANKENSHIP, et al.,  ) | Senior United States District Judge |
|     Defendants.  ) | |

## ORDER

Plaintiff Christian Thomas Nealson, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against correctional officers at Keen Mountain Correctional Center. Nealson claims that the defendants retaliated against him for exercising his rights under the First and Fifth Amendments and that they subjected him to cruel and unusual punishment in violation of the Eighth Amendment. The case is presently before the court on Nealson's motion for a preliminary injunction, ECF No. 109, and his subsequent filing in support of the motion, ECF No. 126. For the following reasons, the motion for a preliminary injunction will be denied. To the extent that the motion is more appropriately construed as a request for spoliation sanctions under Federal Rule of Civil Procedure 37(e), the court will direct the defendants to file a response to the request within 14 days.

In the motion, Nealson requests a "preliminary injunction to acquire the pod footage from Bravo 3 Pod from 10/8/2022 from 10:45 p.m.–11:00 p.m. as it proves that [he] did nothing to elicit a physical force response" by the defendants. ECF No. 109 at 9. In response to a subsequent order, the defendants advised the court that the Virginia Department of Corrections (VDOC) "does not have any retained surveillance footage relevant to Plaintiff's allegations, to include the timeframe of October 8, 2022, at approximately 11 p.m. at or near the B-3 Pod." ECF No. 119

at 2. Nealson has since filed a response in support of the pending motion in which he asserts that he requested the video evidence during the course of disciplinary proceedings related to this action, that a prison official acknowledged that video footage existed at that time, and that the video footage was not preserved in accordance with VDOC Operating Procedure 030.1. ECF No. 126 at 3; see also VDOC OP 030.1 § III ("If a grievance is received that references a specific audio or video recording, a copy of the recording must be saved in the digital storage folder . . . . If a lawsuit is filed or an investigation is in progress, the digital evidence must be retained until the investigation or lawsuit is completed."); Wall v. Rasnick, 42 F.4th 214, 221 & n.6 (4th Cir. 2022) (noting that an obligation to preserve a video recording under the VDOC's preservation policy can be relevant to the analysis under Rule 37(e)).

"The traditional office of a preliminary injunction is to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit so as to preserve the court's ability to render a meaningful judgment on the merits." Erie Ins. Exch. v. Md. Ins. Admin., 105 F.4th 145, 148 (4th Cir. 2024) (internal quotation marks omitted). A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction

"may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, 111 F.3d at 16.

Nealson's motion does not address any of the requirements set forth in Winter. Nor does it seek to prevent harm caused by the conduct alleged in the underlying complaint. Instead, the motion requests preliminary injunctive relief to remedy the failure to preserve video evidence. Because the allegations in the motion are not related to the conduct described in the complaint, "they cannot provide the basis for a preliminary injunction in this lawsuit." Devose, 42 F.3d at 471 (affirming the denial of a motion for preliminary injunction that "raised issues entirely different from those presented in [the inmate's] complaint").

For these reasons, it is hereby **ORDERED** that Nealson's motion for a preliminary injunction, ECF No. 109, is **DENIED**. To the extent that the motion is more appropriately construed as a request for spoliation sanctions under Rule 37(e), the defendants are **DIRECTED** to respond to the request within 14 days. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: July 2, 2025

Michael F. Urbanski
U.S. District Judge
2025.07.02 17:50:15
-04'00'

Michael F. Urbanski
Senior United States District Judge

3